ROBERT W. BROWNLIE (Bar No. CA-138793)
KELLIN M. CHATFIELD (Bar No. CA-288389)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendants
GEMINI REAL ESTATE ADVISORS LLC;
GEMINI EAST WEST S LLC; GEMINI EAST
WEST H, LLC; GEMINI EAST WEST M, LLC;
GEMINI ACQUISITION COMPANY, INC.;
GEMINI PROPERTY MANAGEMENT, LLC;
GEMINI INVESTORS, LLC; WILLIAM T.
OBEID; and DANTE A. MASSARO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN KUMAR AND AKILA KUMAR, husband and wife and as sole members of Gemini East West 1, LLC; NATALIJA JOSIMOVICH, individually and as sole member of Gemini East West 2, LLC; JOHN O'CARROLL, individually and as sole member of Gemini East West 4, LLC; CAROL TANNER, individually and as sole member of Gemini East West 5, LLC; KRZYSZTOF ZACHARIASIEWICZ, individually and as sole member of Gemini East West 6, LLC; DAVID MILANI, individually and as sole member of Gemini East West 7, LLC; THOMAS MCGARVEY, individually and as sole member of Gemini East West 8, LLC; BYRON REALTY I CORPORATION as sole member of Gemini East West 9, LLC; DAVID C. SUTHERLAND, individually and as sole member of Gemini East West 10, LLC, PEI LIN HUANG, individually and as sole member of Gemini East West 11, LLC; PAULINE KEELER, individually and as sole member of Gemini East West 12, LLC; JAMES R. KEE AND ANNE M. KEE, husband and wife and as sole | CASE NO. 2:14-cv-07474<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) (FEDERAL QUESTION) BY DEFENDANTS GEMINI REAL ESTATE ADVISORS LLC; GEMINI EAST WEST S LLC; GEMINI EAST WEST H, LLC; GEMINI EAST WEST M, LLC; GEMINI ACQUISITION COMPANY, INC.; GEMINI PROPERTY MANAGEMENT, LLC; GEMINI INVESTORS, LLC; WILLIAM T. OBEID; AND DANTE A. MASSARO** |

WEST\250464095.1

| | |
|---|---|
| 1 | members of Gemini East West 13, LLC; RICHARD O. WAHLGREN, individually and as sole member of Gemini East West 14, LLC; BRYCE E. KENNEDY, JR., individually and as sole member of Gemini East West 15, LLC; DAVID GIBSON AND BETTY HOOD GIBSON, husband and wife and as sole members of H.G. Financial Services, LLC and Gemini East West 16, LLC; JOHN W. MCCORMICK, individually and as sole member of Gemini East West 20, LLC; ROBERT AND CATHRYN BAIRD, husband and wife, individually and as sole members of Gemini East West 21, LLC, |
| | Plaintiffs, |
| | v. |
| | RBS FINANCIAL PRODUCTS INC., F/K/A GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.; RBS SECURITIES INC., F/K/A GREENWICH CAPITAL MARKETS, INC.; GREENWICH CAPITAL COMMERCIAL FUNDING CORPORATION; BANK OF AMERICA CORPORATION, F/K/A LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE, FOR "GREENWICH CAPITAL COMMERCIAL FUNDING CORP., COMMERCIAL MORTGAGE TRUST 2007 GG11, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-GG11"; GCCFC 2007 CONNECTOR RETAIL LIMITED PARTNERSHIP; GEMINI REAL ESTATE ADVISORS LLC; GEMINI EAST WEST S LLC; GEMINI EAST WEST H, LLC; GEMINI EAST WEST M, LLC; GEMINI ACQUISITION COMPANY, INC.; GEMINI PROPERTY MANAGEMENT, LLC; GEMINI INVESTORS, LLC; WILLIAM T. OBEID, individually; DANTE A. MASSARO, |

WEST\250464095.1

| | |
|---|---|
| 1 | individually; GEMINI EAST WEST 3, LLC; GEMINI EAST WEST 18, LLC; and DOES 1-10, |
| 2 | |
| 3 | Defendants. |

WEST\250464095.1

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT PURSUANT TO 28 U.S.C. §1441, DEFENDANTS GEMINI REAL ESTATE ADVISORS LLC; GEMINI EAST WEST S LLC; GEMINI EAST WEST H, LLC; GEMINI EAST WEST M, LLC; GEMINI ACQUISITION COMPANY, INC.; GEMINI PROPERTY MANAGEMENT, LLC; GEMINI INVESTORS, LLC; WILLIAM T. OBEID; and DANTE A. MASSARO (the "Gemini Defendants"), by their undersigned attorneys, hereby remove the above-entitled state court action, Case No. BC555255, from the Superior Court of the State of California, County of Los Angeles to the United State District Court for the Central District of California on the basis of federal question jurisdiction. In support of this Notice of Removal, said Defendants state as follows:

## I.   THE STATE COURT ACTION

The removed action was filed on or about August 20, 2014 in the Superior Court of the State of California in the County of Los Angeles, entitled *Mohan Kumar and Akila Kumar, et al., v. RBS Financial Products Inc., et al.,* and assigned Case No. BC555255. The allegations in the Complaint relate to the sale and management of tenancy-in-common ("TIC") interests. The Complaint asserts causes of action under Section 10(b) and Rule 10b-5 of the Exchange Act of 1934 and Violations of the federal Racketeer Influenced and Corrupt Organizations Act Sections 1961-68, as well as causes of action for negligence, negligent misrepresentation, breach of fiduciary duty, breach of contract, conversion, promissory fraud, violation of California Civil Remedies Act, violation of the California Financial Elder Abuse-Welfare and Institution Code §15600 et seq., breach of the covenant of good faith and fair dealing and violation of California Civil Code §1575, equitable estoppel, actual and constructive fraud, breach of implied warranty, aiding and abetting breach of fiduciary duty, aiding and abetting

1 torts, declaratory relief, violation of California Business & Professions Code
2 § 17200, violations of California securities and corporate law, conspiracy,
3 concealment, violation of California Penal Code 496, deceit, and equitable estoppel
4 relating to defendant asserting statute of limitations.  As required by 28 U.S.C.
5 § 1446(a), attached are copies of all state court process, pleadings and orders served
6 upon Gemini Defendants in the removed case.  (*See* Exhibit A.)

7 **II.    BASIS FOR REMOVAL – FEDERAL QUESTIONS JURISDICTION**

8       This case is properly removed under 28 U.S.C. § 1441 because it is a civil
9 action that falls within the Court's original jurisdiction under 28 U.S.C. § 1331.
10 Plaintiffs' Complaint asserts a cause of action under Section 10(b) and Rule 10b-5
11 of the Securities Exchange Act of 1934 (the "Exchange Act").  The federal courts
12 have exclusive jurisdiction over all claims arising under the Exchange Act.  15
13 U.S.C. § 78aa.  The Complaint is also based on alleged violations of the federal
14 Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961-68.
15 Federal courts have original jurisdiction over civil RICO claims under 18 U.S.C.
16 § 1964(c).  Since this action alleges claims over which the federal courts have
17 original jurisdiction, it is properly removable under 28 U.S.C. § 1441.

18       Plaintiffs' Complaint also contains 22 related common law claims and claims
19 based upon California statutes.  These common law claims are based upon the same
20 allegations underlying the Exchange Act and RICO claims.  Gemini Defendants,
21 therefore, respectfully request that the Court exercise supplemental jurisdiction over
22 the common law claims under 28 U.S.C. §1367(a).

23 **III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**
24

25       Plaintiffs commenced this action on August 20, 2014, and served process on
26 Gemini Defendants on August 25, 2014.  This Notice of Removal is therefore
27 timely filed within 30 days of service of the initial pleading.  28 U.S.C. § 1446(b).
28       1.    All defendants, who the Gemini Defendants have been able to

determine have been properly served, join in and consent to removal. Defendants Bank of America Corporation [f/k/a/ LaSalle Bank National Association as Trustee for "Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007 GG11, Commercial Mortgage Pass Through Certificates, Series 2007-GG11"] (the "Trust")[1] and GCCFC 2007 Connector Retail Limited Partnership ("GCCFC") join in and consent to removal. Consent for the unnamed "Doe" defendants, CCP 382 defendants, and Gemini Investors LLC, is not required because their identities are not known and, to the best of counsel's knowledge, none have been properly served.[2] *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties . . .'") (quoting *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1193, n.1 (9th Cir. 1988)). Gemini Defendants have been unable to contact Defendants RBS Financial Products Inc. [f/k/a Greenwich Capital Markets, Inc.], RBS Securities, Inc. [f/k/a Greenwich Capital Markets, Inc.], Greenwich Capital Commercial Funding Bank or their counsel (collectively, "Greenwich Defendants"), to ascertain whether they have been properly served. (Chatfield Decl. ¶¶2-4.) Greenwich Defendants have not made an appearance in this case, through counsel or otherwise. On September 16, 2014, counsel for Gemini Defendants attempted to contact the service agents for Greenwich Defendants and was unable to ascertain whether the Greenwich Defendants had been properly served, whether they had retained counsel, or who to contact concerning this litigation. (*Id*., ¶ 2.) On September 17, 2014, counsel for Gemini Defendants spoke

---

[1] Plaintiffs have erroneously named Bank of America Corporation fka LaSalle Bank National Association as Trustee for Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007 GG11, Commercial Mortgage Pass Through Certificates, Series 2007-GG11 as a defendant in this case. The proper entity should be U.S. Bank N.A. as the Trustee.

[2] According to the Complaint, Plaintiffs have been unable to locate the Doe and CCP 382 Defendants. (Compl. ¶¶ 18-20.) Upon information and belief, Plaintiffs have been unable to serve or locate Gemini Investors LLC. (Declaration of Kellin M. Chatfield, ¶ 3.)

1  with Plaintiffs' counsel, who stated that Greenwich Defendants had been served,
2  but did not provide Gemini Defendants with proofs of service.  Plaintiffs' counsel
3  also stated they had not heard from any attorneys on behalf of Greenwich
4  Defendants.  (*Id*., ¶ 3.)   Counsel for the Trust and GCCFC, Duane Morris LLP,
5  also made repeated efforts to contact Kaye Scholer LLP, who, upon information
6  and belief, may represent Greenwich Defendants.  (*Id.*, ¶ 4.)   These efforts
7  included a phone call, multiple voicemails, and sending an email to the individual
8  believed to be involved in representing Greenwich Defendants.  (*Id.*)
9  Consequently, Gemini, the Trust and GCCFC have been unable to ascertain
10 whether Greenwich Defendants have been properly served and consent to removal
11 is, therefore, not required.  *Emrich*, 846 F.2d at 1193, n.1 (unanimity requirement
12 applies only to those defendants who have been properly served).]

13       Venue is proper in this Court because the United States District Court for the
14 Central District of California embraces the county in which the state court action is
15 now pending.  See 28 U.S.C. §§ 84(c)(1), 1441(a).

16       Pursuant to 28 U.S.C. § 1446(d), Gemini Defendants filed this Notice of
17 Removal concurrently with the state court in which the action is currently pending.
18 In addition, a Notice of Filing Notice of Removal is being served on Plaintiffs'
19 counsel.

20 **IV.   CONCLUSION**

21       Accordingly, Gemini Defendants respectfully request that this action now
22 pending against Defendants in the Superior Court of the State of California, County
23 of Los Angeles, be removed to this Court and that this action be placed upon the
24 /////
25 /////
26 /////
27 /////
28 /////

WEST\250464095.1       -4-

DLA Piper LLP (US)
San Diego

NOTICE OF REMOVAL
CASE NO. 2:14-CV-07474

1  docket of this Court for further proceedings as though originally instituted in this
2  Court.
3  Dated:  September 24, 2014

DLA PIPER LLP (US)


By s/Robert W. Brownlie
ROBERT W. BROWNLIE
KELLIN M. CHATFIELD
Attorneys for Defendants
GEMINI REAL ESTATE ADVISORS LLC; GEMINI EAST WEST S LLC; GEMINI EAST WEST H, LLC; GEMINI EAST WEST M, LLC; GEMINI ACQUISITION COMPANY, INC.; GEMINI PROPERTY MANAGEMENT, LLC; GEMINI INVESTORS, LLC; WILLIAM T. OBEID; and DANTE A. MASSARO